# NO. 12-24-00168-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRISH MARIE ARECHIGA,* *APPELLANT* | § | *APPEAL FROM THE 19TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| | § | *MCLENNAN COUNTY, TEXAS* |
| *THE STATE OF TEXAS,* *APPELLEE* | | |

*MEMORANDUM OPINION*
*PER CURIAM*

Trish Marie Arechiga appeals following the revocation of her deferred adjudication community supervision.[1]  Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We affirm.

## BACKGROUND

On February 15, 2017, Appellant was charged by indictment with possession of methamphetamine in an amount of four grams or more but less than 200 grams, a second-degree felony as alleged.[2]  On February 12, 2018, pursuant to a plea agreement, Appellant pleaded "guilty."  On April 9, 2018, the trial court deferred a finding of guilt and placed her on community supervision for ten years.  Among other conditions, the trial court assessed a fine of $1,500 as part of the terms of her community supervision "at the monthly rate of $15.00 per month, beginning

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order.  *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2023).

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West Supp. 2023).

60 DAYS from the date of probation, with a like amount to be paid each consecutive month thereafter until said amount is paid in full."

On January 29, 2024, the State filed a motion to adjudicate Appellant's guilt, alleging that she violated the terms of her community supervision by: (1) failing to abide by her curfew on three occasions; (2) consuming amphetamine, alcohol, and cocaine; (3) failing to report to her community supervision officer on four occasions; (4) failing to report to the McLennan County Jail as ordered; (5) operating a motor vehicle without a valid driver's license, and (6) failing to provide a sample for drug and alcohol testing. The State also alleged that she failed to pay the aforementioned fine and various fees associated with her community supervision.

At a hearing on the State's motion, Appellant pleaded "true" to all the State's allegations in the motion except for one of the curfew violations. At the conclusion of the hearing, the trial court found that Appellant violated the terms and conditions of her community supervision as alleged in the State's motion. Thereafter, it revoked Appellant's community supervision, adjudicated her "guilty" as originally charged, sentenced her to imprisonment for twelve years, and assessed the $1,500 fine. This appeal followed.

### ALLISON BRIEF

Court-appointed appellate counsel filed a motion to withdraw and what has been termed by our sister court an *Allison* brief—a traditional *Anders* brief that also alleges non-reversible error—in support of the motion. *See Cummins v. State*, 646 S.W.3d 605, 614 (Tex. App.—Waco 2022, pet. ref'd) (referring to *Allison v. State*, 609 S.W.3d 624 (Tex. App.—Waco 2020, no pet.) (per curiam)).

In the brief, counsel contends that the trial court erred in its pronouncement of Appellant's $1,500 fine when she paid $21.50 towards it while on community supervision, leaving a balance of $1,478.50. She contends that the judgment and the "Clerk's Notification to Initiate Inmate Withdrawal" should be modified and reformed to reflect the correct amount. We disagree that either document contains any error. Consequently, no modification of either document is required, and although counsel presented her brief as an *Allison* brief, we dispose of it and her motion to withdraw under the traditional *Anders* analysis.

Specifically, the trial court assessed a fine of $1500 as part of the terms of Appellant's community supervision and reaffirmed that assessment in the judgment adjudicating guilt. On

2

November 28, 2023, the McLennan County Community Supervision and Corrections Department drafted its Violation Report Worksheet upon which the State's Motion to Adjudicate Guilt is based. In the worksheet, the Department acknowledges that Appellant made a fine payment of $21.50, with an outstanding balance of $1,478.50. The State's Motion to Adjudicate Guilt mirrors the worksheet in this regard. On May 15, 2024, in the Clerk's Bill of Costs issued upon the conclusion of the case, the clerk identified the fine as assessed on 04/19/2018 in the amount of $1,500, that Appellant paid $21.50, leaving a fine balance of $1,478.50, and coupled with the remaining court costs, a total outstanding balance of $1,543.50. Finally, in the Clerk's Notification to Initiate Inmate Withdrawal, the clerk notifies the Texas Department of Criminal Justice that Appellant has a remaining balance of fees and fines of $1,543.50, which is identical to the outstanding balance in the Clerk's Bill of Costs.

Another court recently resolved this issue in pertinent part as follows: "It was appropriate for the trial court to include the fine imposed at adjudication and sentencing in the subsequent judgment revoking his community supervision . . . . The written judgment of revocation has a fine of $2,500.00 but does not provide any credit for amounts paid." **Davis v. State**, No. 06-23-00052-CR, 2023 WL 8270636, at *3 (Tex. App.—Texarkana Nov. 30, 2023, no pet.) (mem. op., not designated for publication) (internal citations omitted). The Court continued that "the oral pronouncement at revocation indicates a continued intent by the trial court to impose a fine of $2,500.00, with credit for amounts paid, consistent with the judgment pronounced at sentencing. As a result, the fine reflected in the trial court's judgment does not need to be modified." **Id.** It is clear from the record that the trial court did the same in the instant case, and neither the judgment nor the Clerk's Notification to Initiate Inmate Withdrawal contain any errors that require modification. *See **id.***

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. She further relates that she is well-acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the

case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[3] We likewise reviewed the record for reversible error and found none.

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we ***grant*** Appellant's counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, she either must retain an attorney to file a petition for discretionary review on her behalf or she must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered August 29, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

---

[3] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own brief. The time for filing such a brief expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2024**

**NO. 12-24-00168-CR**

**TRISH MARIE ARECHIGA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 19th District Court
of McLennan County, Texas (Tr.Ct.No. 2017-156-C1)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*